FILED & JUDGMENT ENTERED
Steven T. Salata

Apr 28 2016

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

IN RE:                                  )
                                        )  Case No.:   16-10069
THE CONGREGATION OF UNITY, INC.         )  Chapter 11
                                        )
            Debtor(s)                   )

## ORDER DISMISSING CASE

This cause was heard before the Hon. George R. Hodges on March 23, 2016 ("March Hearing") and on April 20, 2016 ("April Hearing") on the Bankruptcy Administrator's *Emergency Motion for Order Requiring the Debtor to Cease Operations or to Dismiss Case for Failure to Provide Proof of Adequate Insurance on Shortened Notice* ("Motion") [docket #10].  Appearing at the March 23, 2016 hearing were:  Mark A. Pinkston ("Pinkston"), attorney for Entegra Bank; R. Kelly Calloway, Jr. ("Calloway"), attorney for the Debtor; and, Linda W. Simpson ("Simpson"), United States Bankruptcy Administrator.  Pinkston and Simpson also appeared at the April 20, 2016 hearing, whereas Calloway did not appear.  The Court finds and concludes:

1. This is a Chapter 11 case in which a voluntary petition was filed on March 1, 2016.  Although the Debtor's petition does not indicate that it is a tax-exempt entity, Calloway represented at the March Hearing that the Debtor was in fact a non-profit entity.

2. At the March Hearing, Calloway presented an insurance policy.  However, the policy did not include general liability coverage.  Also at the March Hearing, Pinkston represented to the Court that the bankruptcy was in response to Entegra Bank's foreclosure action, that the Debtor had not been paying real estate taxes, and that Entegra Bank had to force-place insurance on the real estate. The Court ordered that the Debtor cease operations until general liability coverage was provided to the Bankruptcy Administrator and continued the Motion to the April Hearing.

3. At the April Hearing, Simpson represented that the Debtor had not provided liability insurance. Entegra Bank, through Pinkston, supported dismissal of the case.

4. Although there appears to be equity in the Debtor's real estate, the Debtor's only listed creditor is Entegra Bank.

5. Cause exists to dismiss this case under 11 U.S.C. § 1112(b)(4). Assuming that the Debtor is a non-profit entity, the Court is prohibited from converting this case to Chapter 7 pursuant to 11 U.S.C. § 1112(c).

Therefore, based on the foregoing and the entire record in this case, it is ORDERED that this case is DISMISSED.

*This Order has been signed electronically.*                    *United States Bankruptcy Court*
*The judge's signature and court's seal appear*
*at the top of the Order.*